IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

BROADCAST MUSIC, INC.;
COTILLION MUSIC, INC.; TERRY
STAFFORD MUSIC CO.; HOUSE OF
CASH, INC.; WBM/HOUSE OF GOLD
MUSIC, INC. d/b/a WARNER HOUSE
OF MUSIC; POMMARD PUBLISHING
CO.; SUNFLOWER COUNTY SONGS;
UNIVERSAL – SONGS OF
POLYGRAM INTERNATIONAL, INC.;
SONY/ATV SONGS LLC d/b/a
SONY/ATV TREE PUBLISHING,

Plaintiffs,

vs.

MOONEY HOLLOW SALOON LLC
d/b/a MOONEY HOLLOW
SALOON/MOONEY HOLLOW BARN
and KEVIN R. PETESCH, individually,

Defendants.

No. C13-1038

ORDER DENYING MOTION TO DISMISS

This matter comes before the Court on the Motion to Dismiss Civil Action Against Kevin R. Petesch, Individually (docket number 38) filed by Defendant Kevin R. Petesch on July 15, 2014, and the Resistance (docket number 46) filed by the Plaintiffs on August 1. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

On December 9, 2013, Plaintiffs (referred to collectively as "BMI") filed a verified complaint against Defendants Mooney Hollow Saloon LLC and Kevin R. Petesch, individually. BMI claims Defendants willfully violated Plaintiffs' copyrights.

Specifically, BMI asserts that on March 11, 2012, five copyrighted songs were publicly performed at the Mooney Hollow Saloon/Mooney Hollow Barn.

The complaint asserts that Defendant Kevin R. Petesch is president of Mooney Hollow Saloon, LLC, with "primary responsibility for the operation and management" of the establishment known as Mooney Hollow Saloon/Mooney Hollow Barn.[1] The complaint further alleges that Petesch "has the right and ability to supervise the activities" of the LLC and has a "direct financial interest" in the company.[2] In his answer filed on July 14, Petesch denies that he is president of the company with primary responsibility for its operation and management. Petesch admits that he is a member of the LLC, but his answer is unclear regarding his responsibilities:

> The Defendants admits that Defendants Kevin R. Petesch is a member of Defendants Mooney Hollow Saloon, LLC with the only member responsibility for the operation and management of that limited liability company in the management and sales operation of alcohol and not the Establishment known as Mooney Hollow Saloon/Mooney Hollow Barn.

Answer of Kevin R. Petesch (docket number 34) at 6, ¶ 16.

Petesch's response to paragraph 17 is equally confusing. First, Petesch admits that he is a member of the LLC and "has the rights and ability only to supervise the activities" of the LLC and has "a direct financial interest only in that limited liability company." In the following sentence, however, Petesch states "[t]he Defendants denies that Defendants Kevin R. Petesch as a member of the Mooney Hollow Saloon, LLC has a direct financial interest in the Establishment known as Mooney Hollow Saloon/Mooney Hollow Barn."[3]

---

[1] Complaint (docket number 2) at 7, ¶ 16.

[2] *Id.*, ¶ 17.

[3] Answer of Kevin R. Petesch (docket number 34) at 6-7, ¶ 17.

In his "defenses," Petesch asserts that "[t]he physical location and daily and weekly operation of Mooney Hollow Saloon, LLC doing business as Mooney Hollow Saloon was closed in March 2011."[4] In his "third defense," Petesch admits that he is a member of Mooney Hollow Saloon, LLC and "is only responsible for the management and sales operation of Alcohol as licensed by the state of Iowa, Liquor License."

## II. DISCUSSION

Petesch filed his motion to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6). Petesch asks that he be dismissed individually from this lawsuit. Petesch argues that a member of a limited liability company is not liable, solely by reason of being a member, for the obligations of the limited liability company. BMI responds that it "does not allege liability on the part of Mr. Petesch simply by virtue of his employment with Mooney Hollow Saloon." Rather, BMI claims that Petesch "is liable because of his own infringing activity."

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted."[5] When considering a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Accordingly, for purposes of this motion, the Court accepts as true the allegations found in BMI's complaint.

The purpose of RULE 12(b)(6) is not to resolve factual issues, or decide the merits of the case, but is instead intended to test whether the plaintiffs have adequately pled a valid legal theory.

---

[4] *Id.* at 11.

[5] In his motion, Petesch also refers to RULE 12(b)(2), which permits a party to assert a defense based on "lack of personal jurisdiction." However, Petesch lives in Iowa and was served in Iowa. Accordingly, he is subject to personal jurisdiction in this district. RULE 12(b)(2) has no application here.

3

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter*, 686 F.3d at 850. However, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). In determining plausibility, the Court draws on its own judicial experience and common sense. *Id.*

In asking that he be dismissed from the action, Petesch argues that he is not personally liable, solely by reason of being a member or manager of the LLC, for any liabilities of the LLC, citing Iowa Code § 490A.603(1).[6] Iowa Code Ch. 490A was repealed, however, effective December 31, 2010. The law regarding limited liability companies is now found in Iowa Code Ch. 489, entitled Revised Uniform Limited Liability Company Act. The liability of members and managers is found in § 489.304.[7] In

---

[6] Iowa Code § 490A.603(2) provided, however, that a member of an LLC *is* personally liable for any liability of the LLC which arises "under the same or similar circumstances and to the same extent as a shareholder of a corporation may be personally liable for any debt, obligation, or liability of the corporation. . . ."

[7] Iowa Code § 489.304(1) states:
> For debts, obligations, or other liabilities of a limited liability company, whether arising in contract, tort, or otherwise all of the following apply:
> *a.* They are solely the debts, obligations, or other liabilities of the company.
> *b.* They do not become the debts, obligations, or other liabilities of a member or manager solely by reason of the

(continued...)

substance, however, the law remains unchanged: The liabilities of the LLC do not become the liabilities of a member "solely by reason of the member acting as a member." BMI apparently concedes the point. In other words, if Petesch played no *personal* role in the alleged infringing activity on March 11, 2012, then he cannot be held individually liable simply because he was a member of the LLC.

BMI argues, however, that Petesch is individually liable because he had the right to supervise the activities and had a direct financial interest in the activities, and because of his personal involvement in the infringing activity. The Eighth Circuit Court of Appeals has recognized that personal liability may attach to a corporate officer, describing the "general standard" as follows:

> An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity, is personally liable for the infringement.

*Pinkham v. Sara Lee Corp.*, 983 F. 2d 824, 834 (8th Cir. 1992) (quoting *Southern Bell Tel. & Tel. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)). The Eighth Circuit has "also spelled out the elements of 'vicarious liability': '(1) the right and ability to supervise the infringing activity; and (2) an obvious and direct financial interest in exploitation of copyrighted materials.'" *Id.* (quoting *RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988)).

The law protecting corporate officers from individual liability "was not created to insulate officers from liability for their own tortious conduct, but was only intended to generally insulate shareholders from individual liability for corporate conduct and officers from liability for corporate contracts." *Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 775

---

[7](...continued)
    member acting as a member or manager acting as a manager.

(Iowa 2009). "To impose individual liability, however, the corporate officer must personally participate in the tortious conduct." *Id*.

Here, BMI asserts that Petesch has the primary responsibility for the operation management of Mooney Hollow Saloon/Mooney Hollow Barn, had the right and ability to supervise the activities of that establishment, and has a direct financial interest in the LLC. For purposes of a motion to dismiss, the Court must assume the truth of the allegations. The Court concludes that the allegations meet the pleading requirements of *Iqbal* and state a plausible claim for individual liability as set forth above. *See Broadcast Music, Inc. v. Tori's Corp. Ltd.*, 2005 WL 1116276 (N.D. Iowa). Accordingly, the Court finds the motion to dismiss should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss (docket number 38) filed by Kevin R. Petesch is **DENIED**.

DATED this 3rd day of September, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA